SUMMERS, Justice
(concurring in part and dissenting in part).
I agree that the action for rescission for lesion beyond moiety is available to the seller even when the immovable has been sold by the party who acquired it in the lesional sale. In such a case, however, the action is limited to a demand against the purchaser in the lesional transaction to make up the just price. It is “the thing’s value” (La. Civ. Code art. 2589), “the value which it had at the time of the sale” (La. Civ.Code art. 2590), the “just value” or “just price” (La.Civ.Code art. 2591 & 2592) which is the basis for computing the amount the purchaser must make up to the seller. I must dissent, therefore, from the majority opinion which takes the position that Article 2597 of the Civil Code is applicable and requires the purchaser to reimburse the seller only “for such injuries as he has turned to his own profit.” In my view Article 2597 has no relevance to the facts of the instant case.
I say this because I visualize a situation where a seller has sold an immovable for $25,000 which has a just value of $51,000. Under this imagined situation the purchaser then resells the immovable for $40,000, or a profit of $15,000. The rule established by the majority opinion would only require the purchaser to return the $15,000 profit in an action for rescission. Such a rule would obviously permit the purchaser in the lesional transaction to nullify the rights of the seller to a rescission on account of lesion beyond one-half. For it is apparent that the seller who has been imposed upon and who is entitled to demand the difference between the lesional sale price and the “just value” is not receiving the difference ($26,000) between the lesional sale price ($25,000) and the just value ($51,000), but instead he is receiving $15,000, which is $11,000 short of what I understand the law entitles him to.
*263 In like manner, based upon the rule established by the majority opinion, the plaintiff seller in the case at bar can only require the return of the difference between $12,800, the price of the lesional sale, and $30,000, the price the purchaser received in the resale of the immovable. This is $4,500 short of the amount the purchaser would be required to make up to the seller if the "just value” is in truth $34,500 as alleged by the plaintiff seller.
I agree that a remand is necessary to determine the just value of the immovable according to the state in which it was, and the value which it had at the time of the sale. La.Civ.Code art. 2590. If the sale to American Box Company for $30,000 is determined to be an arms-length transaction this fact would undoubtedly bear heavily upon fixing the just value at the time of the lesional sale; however, this transaction on January 8, 1966 would not necessarily be determinative of the immovable’s just value on October 27, 1965, and evidence to the contrary would be admissible.
I respectfully dissent.
Rehearing denied.
SANDERS and SUMMERS, JJ., are of the opinion a rehearing should be granted.